IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SLIMMARIE PERRYWATSON, | ) | CASE NO. 1:09 CV 1957 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| UNITED AIRLINES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Motion to Dismiss, or in the Alternative, to Transfer Venue filed by Defendant Association of Flight Attendants-CWA, AFL-CIO (Docket #11) and the Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue filed by Defendant United Airlines, Inc. (Docket #12). For the following reasons, Defendants' Motions to Transfer Venue are hereby GRANTED.[1]

---

[1] The Court declines to address the issues raised by Defendants relative to their Motion to Dismiss, as venue in this action is more properly situated in the United States District Court for the Northern District of Illinois.

## Factual and Procedural Background

Plaintiff was a flight attendant with Defendant United Airlines from April 17, 1978 until her employment was terminated on May 18, 2007. On August 19, 2009, Plaintiff filed her Complaint against United Airlines and the Association of Flight Attendants alleging claims under Title VII, of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e(k); the Americans with Disabilities Act of 1990, 42 U.S.C. § 12111, et seq., and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 623(a)(1). (Plaintiff subsequently voluntarily dismissed her Title VII claim. (Docket #18.)) In addition, Plaintiff includes claims of wrongful discharge and retaliation.

Plaintiff asserts that she was terminated, in violation of the aforementioned statutory provisions, on the basis of age and disability. In addition, Plaintiff asserts that because of her age and disability, the Association of Flight Attendants failed to fairly represent her during the August 2008 arbitration of her grievances filed against United Airlines. Three separate grievances were arbitrated, including the 2007 appeal of her termination and two prior grievances from 2003 and 2005.

Defendants filed their Motions to Dismiss and/or Transfer Venue on October 30, 2009. (Docket #s 11 and 12.) Plaintiff filed Briefs in Opposition on November 30, 2009. (Docket #s 16 and 17.) Defendants filed Reply Briefs on December 14, 2009. (Docket #s 21 and 22.) Defendants argue various bases upon which the claims raised by Plaintiff should be dismissed. In the alternative, Defendants ask this Court to transfer the case to the Northern District of Illinois, arguing it is the proper venue for this case.

Defendants assert that this case could properly have been brought in the Northern District

-2-

of Illinois, based on the statutory provisions governing Plaintiff's ADA claim, and that the case should be transferred to the Northern District of Illinois based on the convenience of the parties and witnesses to this case and in the interest of justice. 28 U.S.C. § 1404(a); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f)(3).[2]

Defendants argue that both private and public interests favor transfer in this case. Defendants assert that all relevant records in this case are located in the Chicago area and that most of the key witnesses in this case are located in the Chicago area. (Docket #11 at p. 11-12; Docket #13 at p. 17-18.) Defendants state that none of the relevant events occurred in Ohio; almost all of the relevant events occurred in Chicago; and, the only person that would be inconvenienced by the transfer to the Northern District of Illinois would be Plaintiff.[3] (Docket #13 at p. 18.) Defendants assert that transfer to the Northern District of Illinois would reduce the

---

[2]

Defendant AFA asserts that the actions of AFA complained of by Plaintiff were taken during the arbitration of Plaintiff's claims and the AFA's representation of her in northern Illinois; that all of the records relevant to Plaintiff's grievance and arbitration are kept at the Rosemont office in northern Illinois; that Plaintiff was based at the ORD-Chicago domicile prior to her termination, and thus would have continued to be based there had AFA won her job back; and, that AFA is found in the Northern District of Illinois. (Docket # 11 at p. 9.) Accordingly, pursuant to 42 U.S.C. § 2000e-5(f)(3), Defendant AFA argues that Plaintiff's ADA claim could and/or should have been filed in the Northern District of Illinois. (Id. at p. 9-10.) Defendant United asserts that because the events giving rise to Plaintiff's claim occurred in the Northern District of Illinois, venue there is proper. (Docket #13 at p. 16.)

[3]

Defendants discuss the fact that Plaintiff was domiciled at O'Hare International Airport for the final 14 years of her employment with United Airlines; nearly all events surrounding her dismissal occurred at O'Hare or otherwise in the Chicago area; Plaintiff's employment was terminated as the result of incidents which occurred on a flight from O'Hare to San Antonio, mostly prior to take-off from O'Hare; the investigation into her conduct and the decision to terminate her employment occurred in Chicago; and, the arbitration over her dismissal occurred in the Chicago suburbs. (Docket #13 at p. 17.)

costs of litigation, eliminating travel expenses for numerous witnesses and making discovery more efficient and less expensive. (Docket #11 at p. 12; Docket #13 at p. 17-18.) Finally, Defendants assert that the Northern District of Illinois has an interest in the resolution of this case, as the events giving rise to the Complaint occurred in the Northern District of Illinois and both Defendants conduct business in the Northern District of Illinois. (Docket #11 at p. 13; Docket #13 at p. 19-20.)

In response, Plaintiff asserts that this case should remain in the Northern District of Ohio. Specifically, Plaintiff argues that her injury occurred in the Northern District of Ohio and that it would not burden Defendants to travel to the Northern District of Ohio, given that they are in the airline business; are accustomed to traveling; and, flights are regularly available to and from Cleveland. (Docket #17 at pp. 12-13.) Plaintiff claims that regardless of where she was domiciled for purposes of employment, her home is in Cleveland, Ohio. Plaintiff states that "in the interest of justice, her convenience, and the place where her injury occurred, this court should maintain jurisdiction over this matter." (Id at p. 13.)

## Discussion

I. **Defendants' Motions to Transfer Venue.**

28 U.S.C. § 1404(a) provides as follows:

Section 1404(a):

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

Under Section 1404(a), the Court may transfer a civil action to any other district where it may have been brought, for the convenience of parties and witnesses, and in the interest of

justice, regardless of whether or not venue is improper in the district in which the case was originally filed.

The decision of whether a motion to transfer venue pursuant to § 1404(a) should be granted is within the sound discretion of the trial court. *See Central States, Southeast & Southwest Areas Health & Welfare Fund v. Guarantee Trust Life Insurance Co.*, 8 F. Supp. 2d 1008, 1010 (N.D. Ohio 1998). In making a decision on a motion to transfer, courts examine the following factors: convenience of the parties, convenience of the witnesses and the interests of justice. *Id.* at 1010. While a plaintiff's choice of forum is generally entitled to substantial weight, that choice is given less consideration if the operative events giving rise to the lawsuit took place in a forum other than that chosen by the plaintiff. *See Roberts Metals, Inc. v. Florida Props. Mktg. Group, Inc.*, 138 F.R.D. 89, 91-92 (N.D. Ohio 1991).

Plaintiff brings claims under the ADA and the ADEA. Venue for claims under the ADA is governed by 42 U.S.C. § 2000e-5(f)(3). 42 U.S.C. § 12117(a). Under 42 U.S.C. § 2000e-5(f)(3), a plaintiff may file suit in any one of four judicial districts:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, [4] but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Based on the facts presented to the Court, this case could have properly been brought in the Northern District of Illinois. The alleged unlawful employment practice was committed in the Northern District of Illinois; the relevant records are maintained in the Northern District of

Illinois; there is no evidence that Plaintiff's United Airlines domicile would have moved out of O'Hare had the alleged unlawful employment decision not occurred; and, Defendants' principal offices are located in the Northern District of Illinois. Therefore, under any one of the four options enumerated above, the Northern District of Illinois would be a proper venue for Plaintiff's ADA claim.

The Court must determine whether the convenience of the parties and witnesses, and the interests of justice, make transfer appropriate. The Court agrees with Defendants that taking into consideration both private and public interests, the balance weighs in favor of transferring this action to the Northern District of Illinois. Aside from Plaintiff, nearly all of the parties and witnesses involved in this action reside in the Northern District of Illinois; most, if not all, of the underlying events in this case occurred in the Northern District of Illinois; and, the documents relevant to this action are located in the Northern District of Illinois. These factors make venue in the Northern District of Illinois appropriate in this case. Further, public interests also favor transfer. The controversy in this case deals with events that occurred in the Northern District of Illinois and both Defendants have a significant presence in the Northern District of Illinois. Accordingly, the Northern District of Illinois has a strong interest in the resolution of this controversy.[4]

The Court is not persuaded that the mere fact that Defendants are in the airline business

---

[4] The Parties appear to dispute the issue of where the injury in this case occurred. However, even if it could be argued that the alleged injury to Plaintiff occurred in the Northern District of Ohio, a proposition for which this Court finds no factual support, transfer of this case pursuant to 28 U.S.C. § 1404(a) is appropriate for the reasons set forth above.

and are accustomed to frequent travel makes the Northern District of Ohio a more convenient forum. Further, Plaintiff's residence in Ohio and that fact that the Northern District of Ohio is personally convenient for her do not outweigh the factors which support the transfer of this case to the Northern District of Illinois. Based on the foregoing, the Court finds transfer to the Northern District of Illinois to be appropriate.

    II.    **Defendants' Motions to Dismiss Plaintiff's Claims.**

Because this Court finds that Plaintiff's cause of action against Defendants should be transferred to the United States District Court for the Northern District of Illinois, the Court declines to address the remaining issues raised by Plaintiffs.

### Conclusion

After carefully weighing the relevant factors, the balance weighs in favor of transferring this action to the United States District Court for the Northern District of Illinois. Defendants' Motions to Transfer Venue pursuant to 28 U.S.C. § 1404(a) are hereby GRANTED. All pending motions, including the Motions to Dismiss Plaintiffs claims, are hereby transferred for decision by the United States District Court for the Northern District of Illinois.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 29, 2010